IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:01-00007-KD-N |
| | ) |
| FELICIA JACKSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) filed by Defendant Felicia Jackson and supplement to the Motion (docs. 438, 438-1, 438-2,[1] 439). Upon consideration, and for the reasons set forth herein, the motion is DENIED.[2]

---

[1] In support, Jackson provides her personal letters wherein she expresses remorse and regret and outlines her abusive childhood and its affect into early adulthood (doc. 438-2, p. 1-2); her brief regarding age at the time of the offense and length of sentence and argument that because she was twenty-three when the offense occurred but is now mature, non-violent, no longer a danger to society, and rehabilitated, her sentence should be reduced to time served (Id., at p. 3-11); argument that the Sentencing Guidelines were mandatory at time of her sentencing but are now advisory and citations to cases wherein district courts have reduced similar mandatory life sentences (Id., at p. 7); verification from her Factory Manager that Jackson works as a sewing machine mechanic for Unicor and an open letter to Unicor Team Members to apply for work at an Exxel facility (Id., at p. 12-13); letter of support by the reverend overseeing Jackson's religious education course and a list of donations she made to the ministry (Id., p. 14-15); artwork dedicated to Jackson in recognition of her inspiration to other inmates (Id., p. 16); list of Bureau of Prisons staff members who will witness to her character if contacted but cannot write letters (Id., at p. 17); letters of support from co-inmates, friends, and her mother (Id., at 18-34), current Inmate Program Review and Individualized Needs Plan (Id., at 35-37), high school diploma and successful GED test results (Id., at 38-39); and certificates of completion and appreciation for numerous prison programs (Id., at p. 40-68).

[2] Jackson's motion for appointment of counsel is denied (doc. 438, p. 16). There is no constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Additionally, the Court finds that Jackson has shown the ability to effectively set forth the facts and legal argument necessary to support the motion, and that the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the

I. Background

In 2001, Jackson and four co-defendants were indicted for offenses related to a bank robbery in Greensboro, Alabama (doc. 1). During the robbery, Jackson shot and killed a bank employee. Jackson pleaded guilty to conspiracy to commit bank robbery (Count One), bank robbery resulting in death (Count Two), and possession of a firearm during a crime of violence (Count Three) (doc. 198). She was sentenced to five years as to Count One and life without parole as to Count Two, to serve concurrently, and ten years as to Count Three to serve consecutively to the sentences imposed for Counts One and Two. Jackson did not file an appeal.

Jackson's first motion to vacate pursuant to 28 U.S.C. § 2255 was denied and the denial was affirmed on appeal (docs. 240, 244). Her second motion to vacate pursuant to 28 U.S.C. § 2255, based on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015), was authorized for consideration by the Court of Appeals for the Eleventh Circuit (doc. 347). However, the motion was dismissed upon finding that bank robbery resulting in death was a valid predicate offense and did not implicate the residual clause in 18 U.S.C. § 924(c) (docs. 362, 363). Jackson appealed and her application for a certificate of appealability was denied by the Eleventh Circuit (docs. 367, 384).

Jackson has now filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and addendum in support (docs. 438, 439). At present, she has served

---

complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009); United States v. Rolon, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (Citation omitted).

approximately twenty-two years in prison and is forty-five years old. She is incarcerated at FCI Aliceville in Aliceville, Alabama.  At present, FCI Aliceville is operating at Level One precautions for Covid 19, the least restrictive level. The facility houses approximately 1,600 inmates.  One inmate has tested positive for Covid 19. https://www.bop.gov/coronavirus/covid19_statistics.html  (last viewed April 19, 2023).

      II. <u>Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)</u>

"A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'" <u>United States v. Gray</u>, No. 22-11963, 2023 WL 1836789, at *2 (11th Cir. Feb. 9, 2023) (quoting <u>United States v. Puentes</u>, 803 F.3d 597, 605–606 (11th Cir. 2015)).  Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met[3], the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." <u>United States v. Bryant</u>, 996 F. 3d 1243, 1262 (11th Cir. 2021).  The Policy Statement provides that upon motion under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there

---

[3] Defendants may file a § 3582(c)(1)(A)(i) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  Jackson filed a copy of the Warden's denial of her request that he file a motion for compassionate release on her behalf, dated May 16, 2022 (doc. 438-1). Her motion was filed in October 2022. She has met this requirement.

are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam). Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

As extraordinary and compelling reasons for a reduction of sentence, Jackson points out that she was twenty-three years old and from an abusive family background at the time of the offense which resulted in her life sentence. She argues that there is now a change in the sentencing landscape and a trend away from life sentences for similar defendants (doc. 438, p. 5-13; doc. 438-1, p. 3-11). She also asserts that the "intervening changes in sentencing laws" since she was sentenced in 2002, "create a basis for a substantial reduction" in her sentence (doc. 438, p. 7). Jackson points out that the Sentencing Guidelines are now advisory and not mandatory, and argues that if she were sentenced today, she would not receive a life sentence (Id.). Jackson admits that her age and health do not place her in a high-risk category as to Covid 19, but asserts that her "incarceration in the midst of a global pandemic has sufficiently increased the severity of the sentence beyond what was originally anticipated such that the purpose of sentencing [is] fully met even with the proposed reduction" (Id., p. 11-12).

As previously stated, a reduction in sentence based on extraordinary and compelling reasons must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d at 1262. The Policy Statement lists four examples of extraordinary and compelling reasons under

4

§ 3582(c)(1)(A). Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration. U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B). Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(C).

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the catch-all phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)).

Thus, because the Policy Statement allows other reasons as "determined by the Director of the Bureau of Prisons," U.S.S.G. § 1B1.13 at cmt. n.1(D), the Court is constrained by the determinations of the Director. See Bureau of Prisons Program Statement 5050.50,

*Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically states that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the alleged extraordinary and compelling reasons Jackson presents, which are primarily based on changes in sentencing law and the increase in severity of her punishment caused by the Covid 19 pandemic, would not be consistent with Policy Statement § 1B1.13. United States v. Lorfils, No. 21-12177, 2023 WL 355102, at *3 (11th Cir. Jan. 23, 2023) (unreported opinion) (affirming the district court's decision that circuit precedent "precluded it from considering a change in sentencing law as an extraordinary and compelling basis for granting relief.").

The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the four reasons in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F.3d at 1254. Since Jackson failed to make this showing, she is ineligible for consideration for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Therefore, the Court need not address whether the time she has served is sufficient to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a), whether the

Covid 19 pandemic "has sufficiently increased the severity of the sentence beyond what was originally anticipated such that the purpose of sentencing are fully met even with the proposed reduction," (doc. 438, p. 12), whether there is a disparity between her sentence and that of her co-defendants or disparity between her sentence and that of a similarly-situated defendant sentenced under the now-advisory Sentencing Guidelines, whether her release would not pose a danger to the community as provided in 18 U.S.C. § 3142(g), and the extent of her rehabilitation, including her conduct while in prison, numerous programs completed, consistent work history, maturity, and remorse for her actions. See United States v. Lorfils, 2023 WL 355102, at *3 ("If one of the compassionate-release conditions is missing, the District Court need not address the others.") (citing United States v. Tinker, 14 F.4th 1234, 1238 (11th Cir. 2021)).

III. Conclusion

Since Jackson failed to show extraordinary and compelling reasons which would warrant a reduction of sentence, her Motion is denied.[4]

**DONE** and **ORDERED** this the 21st day of April 2023.

                                                              **s / Kristi K. DuBose**
                                                              **KRISTI K. DuBOSE**
                                                              **UNITED STATES DISTRICT JUDGE**

---

[4] Jackson states that she went to trial on advice of counsel and that her life sentence was punishment for her decision to proceed to trial (doc. 438, p. 14). The docket indicates that Jackson did not go to trial. Instead, she entered a plea of guilty to Counts 1, 2, and 3 of the Indictment (doc. 198, Judgment in a Criminal Case).