## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 01-00007-KD-N |
| | ) | |
| FELICIA YOLANDA JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This action is before the Court on the "Rebuttal to Government's Opposition" and "Response to District Court's Order" (docs. 455, 456) filed by defendant Felicia Yolanda Jackson.[1]  The Court construes the Rebuttal and Response as a motion to reconsider the denial of Jackson's motion for sentence reduction under 18 U.S.C. § 3582(c)(2)(A).[2]  Upon consideration, and for the reasons set forth herein, the motion to reconsider is DENIED.

I. <u>Procedural history</u>

Previously, the Court denied Jackson's motion (doc. 446).  The Court found as follows:

Since Congress specifically states that a reduction of sentence under 18 U.S.C. 3582(c)(1)(A)(i) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, [United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021)], this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the alleged extraordinary and compelling reasons Jackson presents, which are primarily based on changes in

---

[1] Jackson's "Motion for Continuance and Extension of time to file Objections (Fed. Civ. P. 6)" (doc. 453) is MOOT.

[2] "Courts are obligated to 'look behind the label' of *pro se* inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

> sentencing law and the increase in severity of her punishment caused by the
> Covid 19 pandemic, would not be consistent with Policy Statement § 1B1.13.

(Doc. 446, p. 6).

II. <u>Statement of the law</u>

The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18

U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. <u>United States v. Craig</u>, 786

Fed. Appx. 237, 238 (11th Cir. 2019) (citing <u>United States v. Fair</u>, 326 F. 3d 1317, 1318 (11th

Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal

Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and

[the Eleventh Circuit] have permitted parties to file such motions in criminal cases." <u>Serrano v.

United States</u>, 411 Fed. Appx. 253, 255 (11th Cir. 2011). When deciding a motion for

reconsideration, the district courts may use the standards applicable to civil actions under Fed. R.

Civ. P. 59(e). <u>See</u> <u>United States v. Bueno-Sierra</u>, 2020 WL 4015499, at *2 (S.D. Fla. 2020)

(citing <u>United States v. Russo</u>, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise

that "[c]ourts have tended to import the standards governing a civil motion for reconsideration

into the criminal arena."). Specifically, the movant must show either an intervening change in

controlling law, new evidence, or the need to correct clear error or prevent manifest injustice.

<u>United States v. Bing</u>, No. CR412-084, 2023 WL 2895735, at *1–2 (S.D. Ga. Apr. 11, 2023).

III. <u>Analysis</u>

In her Response to the Court's order (doc. 456), Jackson argues that this Court should

disregard the decision in <u>United States v. Bryant</u>, 996 F. 3d 1243 (11th Cir. 2021).  In <u>Bryant</u>, the

Eleventh Circuit held that the Policy Statement, U.S.S.G. 1B1.13, including Application Note

1(D), is an applicable policy statement and therefore, the district courts should not grant a motion

for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), unless the movant's

extraordinary and compelling reasons are consistent with those reasons in the Policy Statement.[3]

Jackson asks the Court to find that her extraordinary and compelling reasons – which are not

consistent with the Policy Statement or with Application Note 1(D) - warrant a reduction in

sentence.[4]

As extraordinary and compelling reasons within the realm of Application Note 1(D),

Jackson again points to her youth (age 23) at the time of the offense and status as a first time

offender; the disparity between her "life sentence and the 20-and-30 year sentences imposed on

the other co-defendants" (doc. 456, p. 10); her rehabilitation, programming and absence of

infractions while incarcerated; the sufficiency of the time she has served (half of her life) to meet

the sentencing factors in 18 U.S.C. § 3553(a) (asserting that the average federal sentence for

murder is lower than her sentence); the low likelihood of reoffending (older offenders are less

likely to recidivate); changes in sentencing law which rendered the Sentencing Guidelines

---

[3] Application Note 1(D) provides for "other reasons ... [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those specified in the Policy Statement. United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.' ") (quoting United States v. Giron, 15 F. 4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP.

[4] Jackson's reliance on United States v. Concepcion, 142 S. Ct. 2389 (2022), is misplaced. The Court of Appeals for the Eleventh Circuit has held that "the Supreme Court's decision in *Concepcion* did not overrule or abrogate our precedent that courts can grant compassionate release only for the reasons listed in § 1B1.13." United States v. Billingsley, No. 22-11918, 2023 WL 3001569, at *3 (11th Cir. Apr. 19, 2023). Thus, district courts in this circuit cannot grant a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) unless the extraordinary and compelling reasons are consistent with the Policy Statement, U.S.S.G. § 1B1.13.

advisory instead of mandatory,[5] and cases indicating that the district courts may consider intervening changes in controlling law.[6]

Jackson adds a new allegedly extraordinary and compelling reason for a reduction in sentence. She asks the Court to consider the "punitive conditions" at FCI Aliceville. Jackson reports that "drugs on this compound are so wide spread that 90% of the compound gets high. People are od'ing left and right. The SHU is full." (doc. 456, p. 14). She also complains that certain measures taken by the Warden, such as forcing the inmates to leave their doors open "'in an effort to stop the drug usage'" or "mass punishments", are not working and increase the drug usage. She also complains that the entire unit will be punished if individuals get into fights or do not follow the rules regarding uniforms. (Id.).

Jackson also filed a document captioned "Rebuttal to Government's Opposition" (doc. 455). However, the Court did not order the United States to respond to Jackson's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The document, dated December 30, 2022, appears to have been prepared for another proceeding or case. However, Jackson again asserts that this

---

[5] As a change in the law, Jackson argues that the Sentencing Guidelines were mandatory when she was sentenced, and therefore, her sentencing judge lacked discretion to vary from the Guideline sentence of life but would have that discretion if she were sentenced now (doc. 456, p. 8). However, Jackson was sentenced pursuant to a <u>statutory mandatory</u> sentence. At the time of sentencing, Count Two for bank robbery resulting in death in violation of 18 U.S.C. § 2113(a) and (e) provided only two sentencing options: death or life in prison. Even if the Sentencing Guidelines had been advisory, that would not alter the statutory penalty.

[6] Jackson argues that "Sections 3553(A)(3)-(4) favor a shorter sentence, because if [she were] sentenced today she would be subject to lower mandatory minimums" (doc. 456, p. 10). Again, she is serving a life sentence for bank robbery that resulted in death. The statutory penalty for that offense has not changed. 18 U.S.C. § 2113(e) ("Whoever, in committing any offense defined in this section, … kills any person, … shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment." 18 U.S.C. § 2113(e) (effective November 2, 2002).

Court should disregard the Policy Statement and find that her extraordinary and compelling reasons warrant a reduction in sentence.

Jackson argues again that extraordinary and compelling reasons exist because she cannot protect herself from Covid 19. She argues that the virus still poses a serious threat to her health, and the pandemic has made her incarceration more harsh and more punitive that expected by the sentencing court (doc. 455, p. 7). At present, FCI Aliceville is at Operational Level One, the least restrictive level for Covid 19 precautions.  No inmates or staff members are positive for Covid 19 and no deaths have been reported. https://www.bop.gov/coronavirus/covid19_statistics.html (last visited June 29, 2022).

Again, Jackson argues that a "reduced sentence is warranted because the charging and sentencing landscape today is dramatically different than the [sentence] she faced in 2000 for the charge of murder"; that her extraordinary rehabilitation, programming, and absence of disciplinary infractions while in prison weigh in favor of a reduction in sentence; that the Sentencing Guidelines are now advisory and allow the district courts to adjust downward;[7] and that the Court should consider her age at the time of the offense and the length of time she has served, her present age (46) and the low likelihood of recidivism, the sentencing disparities between Jackson and her four co-defendants, and that she "has already served a sentence in excess of what Congress has identified as appropriate today" (doc. 455).[8]

---

[7] "… in 2002, the Federal Sentencing Guidelines were mandatory, not advisory, so Judge Butler would not have had the discretion to vary from the life sentence." (doc. 455, p. 6).

[8] Jackson argues again that "her life sentence is not in line with nationwide sentences for murder and other serious crimes" (doc. 455, p. 5-6), that the "average sentence imposed over the past five years for first-degree murder is 302 months" and that a "defendant sentenced today for the same murder offense as petitioner could be released by serving less than 25 years" (Id., p. 9). However, Congress has not changed the statutory penalty for her offense of conviction. Bank robbery resulting in death still carries the penalty of death or life in prison. 18 U.S.C. § 2113(e).

Again, Jackson argues that the Court should consider her unstable, neglectful, and physically and sexually abusive childhood with her mother and stepfather who were involved with drugs and alcohol (which was not presented by defense counsel as a mitigating factor). She asserts that she was physically damaged and emotionally traumatized by the many years of abuse, which contributed to her immature decisions (doc. 455, p. 4, 10).

Jackson adds a new argument. She argues that the Court should consider her substantial assistance in the prosecution of prison guards accused of sexual contact with female prisoners in exchange for contraband. Jackson's cooperation occurred in the mid-2000's while she was incarcerated at FCI Tallahassee. She states that her participation placed her at risk of bodily harm or death. She asks the Court to "grant her a sentence reduction of time served for her cooperation" pursuant to Fed. R. Crim. P. 35(b) (doc. 455, p. 5, 8).

However, this action is before the Court on a motion for reconsideration. In that regard, Jackson has not shown an intervening change in controlling law. The Court of Appeals for the Eleventh Circuit has not changed its decision that the Policy Statement, U.S.S.G. § 1B1.13, applies when either the defendant or the Warden files a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii). That district courts in other circuits may have disregarded the Policy Statement's limitations in Application Note 1(D) and granted a reduction in sentence for reasons not consistent with the Policy Statement, does not alter the fact that the district courts in this circuit are bound by the decision in United States v. Bryant.

Jackson has not shown new evidence. Instead, she relies upon substantially the same evidence and argument that was presented with her motion. Jackson does not argue that the Court should correct a clear error of fact or law. To the contrary, she asks the Court to disregard circuit precedent, i.e., to commit clear error of law. Arguably, she may be asserting that the

Court could prevent a manifest injustice by reducing her life sentence, but she has offered no

evidence that the mandatory statutory sentence enacted by Congress in 18 U.S.C. § 2113(e) for

bank robbery resulting in death, is unjust.  Accordingly, Jackson's motion for reconsideration is

denied.

      **DONE** and **ORDERED** this 30th day of June 2023.


                      **<u>s / Kristi K. DuBose</u>**
                      **KRISTI K. DuBOSE**
                      **UNITED STATES DISTRICT JUDGE**