IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 2:01-00007-KD-N |
| | ) |
| FELICIA YOLANDA JACKSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Felicia Yolanda Jackson's notice of appeal, motion to proceed without prepayment of fees, and motion for appointment of counsel on appeal (docs. 461, 462, 464). Jackson appeals the denial of her motion for sentence reduction or compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the denial of her motion to reconsider (docs. 446, 460). Upon consideration, and for the reasons set forth herein, her motions (doc. 462, 464) are DENIED.

A. Background

In 2001, Jackson and four co-defendants were indicted for offenses related to a bank robbery in Greensboro, Alabama (doc. 1). During the robbery, Jackson shot and killed a bank employee. Jackson pleaded guilty to conspiracy to commit bank robbery (Count One), bank robbery resulting in death (Count Two), and possession of a firearm during a crime of violence (Count Three) (doc. 198). She was sentenced to five years as to Count One and life without parole as to Count Two, to serve concurrently, and ten years as to Count Three to serve consecutively to the sentences imposed for Counts One and Two. Jackson did not file an appeal.

Jackson's first motion to vacate pursuant to 28 U.S.C. § 2255 was denied and the denial was affirmed on appeal (docs. 240, 244). Her second motion to vacate pursuant to 28 U.S.C. § 2255, based on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015), was authorized for consideration by the Court of Appeals for the Eleventh Circuit (doc. 347). However, the motion was dismissed upon finding that bank robbery resulting in death was a valid predicate offense and did

not implicate the residual clause in 18 U.S.C. § 924(c) (docs. 362, 363). Jackson appealed and her application for a certificate of appealability was denied by the Eleventh Circuit (docs. 367, 384).

Jackson filed a motion for sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and addendum in support (docs. 438, 439). The motion was denied (doc. 446). Jackson filed documents captioned "Rebuttal to the Government's Opposition" (doc. 455), and "Response to the District Court's Order" (doc. 456), which the Court construed as a motion to reconsider the denial of Jackson's motion for sentence reduction or compassionate release. The motion to reconsider was denied (doc. 460).

Jackson filed a notice of appeal (doc. 461). She now moves the Court to proceed without prepayment of fees and for appointment of counsel (docs. 462, 464).

B. Appointment of counsel on appeal

The decision whether to appoint counsel on appeal of the denial of a § 3582(c)(1) motion is discretionary. See United States v. Cuya, 855 Fed. Appx. 665 (11th Cir. May 17, 2021) (citing United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009)).[1] "[E]quitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings." United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (quoting United States v. Webb, 565 F.3d at 794-795).

Jackson argues that counsel should be appointed because she cannot afford counsel. She also argues that counsel should be appointed because she "cannot argue the nature of the factual issues her claim presents" and the "legal issues presented are complex and the crucial facts are incontestable" (doc. 464). However, Jackson failed to set forth the grounds for appeal, i.e., the complex legal or factual issues she plans to present, such that the Court could assess whether appointment of counsel would be required. Moreover, the Court previously found that Jackson had shown the ability to effectively set forth the facts and legal argument necessary to support her motion for reduction of sentence or compassionate release, and that the issues raised therein were

---

[1] In Webb, the Eleventh Circuit found that defendants do not have a statutory right under 18 U.S.C. § 3006A or a constitutional right to counsel for a § 3582(c)(2) motion. 565 F.3d at 794-95.

not so complex as to require appointment of counsel (doc. 446, n. 2). Accordingly, Jackson's motion is denied.

      C. Motion to proceed without prepayment of fees on appeal.

Title 28 U.S.C. § 1915 authorizes any court of the United States to allow indigent criminal defendants to appeal without prepayment of costs. See Coppedge v. United States, 369 U.S. 438, 441 (1962).  An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers National Bank, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing Coppedge v. United States, 369 U.S. at 445, 82 S. Ct. at 921). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" Id at 859 (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" Id. at 859-860 (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  Also, the appellant "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Jackson's motion indicates that she earns approximately $180.00 per month and currently has approximately $177.00 in her prison account. Her average monthly balance for the past six months was $96.43, and her average monthly deposits were $233.44 (doc 462, p.1, 5). Therefore, she may qualify financially for appointment of counsel. See also Fed. R. App. P. 24(a)(3).

However, Jackson did not state the legal or factual issues or arguments that she intends to present on appeal.  Instead, she simply notified the Court of her intent to appeal the decision entered against her (doc. 461).  In the motion to proceed without prepayment of fees, Jackson gave a brief statement of the nature of her action as "I am appealing my compassionate release" (doc. 462, p.1).  Therefore, the Court cannot ascertain whether Jackson has a nonfrivolous issue for review on appeal and cannot certify that her appeal is taken in good faith.  Accordingly, Jackson's motion to proceed without prepayment of fees on appeal is denied.

**DONE** and **ORDERED** this 10th day of August 2023.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**