**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 2:01-00007-KD-N** |
| | ) | |
| **FELICIA YOLANDA JACKSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Motion for Compassionate Release or Reduction of

Sentence under 18 U.S.C. § 3582(c)(1)(A), Addendum to Motion filed by Defendant Felicia

Jackson (docs. 469, 493), and supporting letters and reports from prison officials (docs. 472,

473).  Upon consideration, and for the reasons set forth herein, the Motion is denied.[1]

I. Background

In 2001, Jackson and four co-defendants were indicted for offenses related to a bank

robbery in Greensboro, Alabama (doc. 1). During the robbery, Jackson shot and killed a bank

---

[1] Jackson's Motion for Appointment of Counsel is denied (doc. 470). There is no constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009). Also, the Court finds that Jackson has shown the ability to effectively set forth the facts and legal argument necessary to support the motion, and that the issues raised therein are not so novel and complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d at 794-95; United States v. Rolon, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (citation omitted).

employee.  Jackson pled guilty, without a plea agreement, to conspiracy to commit bank robbery (Count One), bank robbery resulting in death (Count Two), and possession of a firearm during a crime of violence (Count Three) (doc. 198).[2]

The offense of bank robbery resulting in death carried two alternative statutory punishments – death or life in prison. 18 U.S.C. § 2113(a) & (e).  The United States filed a Notice of Intent to seek the death penalty (doc. 75) but then decided not to do so (doc. 187).

Jackson was sentenced to five years as to Count One and life without parole as to Count Two, to serve concurrently, and ten years as to Count Three to serve consecutively to the sentences imposed for Counts One and Two (doc. 198). Jackson did not file an appeal.

Jackson's first motion to vacate pursuant to 28 U.S.C. § 2255 was denied and the denial was affirmed on appeal (docs. 240, 244).  Her second motion to vacate pursuant to 28 U.S.C. § 2255, based on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015), was authorized for consideration by the Court of Appeals for the Eleventh Circuit (doc. 347).  However, the motion was dismissed upon finding that bank robbery resulting in death was a valid predicate offense and did not implicate the residual clause in 18 U.S.C. § 924(c) (docs. 362, 363).

Jackson appealed. Her application for a Certificate of Appealability (COA) and motion to proceed in forma pauperis were denied.  The Court of Appeals for the Eleventh Circuit granted her motion to proceed in forma pauperis, appointed counsel, and struck the application for COA in light of appointment of counsel. Jackson did not apply for a COA with the Eleventh Circuit. She argued that Hubbard v. Campbell, 379 F. 3d 1245 (11th Cir. 2004) allowed her to appeal without a COA.  The Eleventh Circuit found that Hubbard was inapposite, that a COA was

---

[2] Jackson states that she "paid a steep price for proceeding to trial" (doc. 469, p. 2-3).  Jackson appears to believe that she went to trial and that resulted in a longer sentence than her co-defendants. Jackson is not correct.  She pled guilty to all Counts (doc. 198)

necessary for the appeal, and because no COA had issued, it lacked jurisdiction to hear the appeal (docs. 367, 374, 376, 383).

Jackson moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (docs. 438, 439). The Court found that Jackson failed to show an extraordinary and compelling reason for a reduction of sentence that was consistent with the applicable Policy Statement. Her motion was denied (doc. 446). Her motion for reconsideration was denied (doc. 460). Jackson's appeal was dismissed for lack of prosecution (doc. 468).

Jackson moves again for compassionate release or a reduction of sentence (docs. 469, 493). At present, she has served approximately twenty-five years in prison and is forty-nine years old. She is incarcerated at FCI Aliceville in Aliceville, Alabama.

## II. Procedural requirements

Pursuant to 18 U.S.C. § 3582(c)(1)(A), before the Court may decide a motion pursuant to this statute, defendants must either 1) ask the Bureau of Prisons to bring a motion on their behalf and then, if the BOP fails to do so, exhaust their administrative rights to appeal the failure or 2) ask the warden of the defendant's facility to file a motion on their behalf and then file their motion more than 30 days after the warden receives the request.

Jackson provides a copy of the Warden's denial of her Compassionate Release/Reduction of Sentence request (doc. 469, p. 4). However, the date the Warden received the request is not clear. The Warden indicated that Jackson's request was dated November 4, 2023 (Id.). The Warden signed the denial on January 18, 2024. Thus, Jackson's request was received by the

3

Warden, at the latest, January 18, 2024 and Jackson's Motion was timely filed on May 6, 2024,[3] more than 30 days after that date.

III.  Motion for Compassionate Release or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." United States v. Handlon, 97 F.4th 829, 831 (11th Cir. 2024) (quoting 18 U.S.C. § 3582(c)); see also United States v. Giron, 15 F.4th 1343, 1345 (11th Cir. 2021).  Title 18 U.S.C. § 3582(c)(1)(A)(i) "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." United States v. Ratliff, 2024 WL 4371658, at *3 (11 Cir. 2024) (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)).

Also, the statute requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

---

[3] See Houser v. United States, 808 Fed. Appx. 969, 971 (11th Cir. 2020) ("Under the prison mailbox rule, a pro se prisoner's § 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing" and "absent evidence to the contrary," the district courts may "assume that a prisoner delivered a filing to prison authorities on the date he signed it.") (citations omitted).

Overall, "[i]f the district court finds that a movant failed to satisfy even one of these requirements" – requirements (1), (2), and (3) listed above and consistency with the Policy Statement – "it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4371658 at *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021)).

A. Change in the law

As an extraordinary and compelling reason for a reduction of sentence, Jackson argues that a change in the law has produced a gross disparity between the sentence she received in 2002 and the sentence she would likely receive if sentenced at the time her motion was filed (doc. 469, p. 1-3). Jackson states that at the time of sentencing, the United States Sentencing Guidelines were mandatory and for her offense, the Guideline indicated a life sentence. She points out that in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines are no longer mandatory (Id.). Jackson concedes that her guidelines range would still be life. However, she argues that if she were sentenced now, under an advisory guidelines range, the Court could exercise its discretion pursuant to the sentencing factors in 18 U.S.C. § 3553(a) and impose a lesser sentence than life imprisonment.

Jackson appears to rely upon Paragraph (b)(6) of the Sentencing Guidelines Policy Statement, which states that "Extraordinary and compelling reasons [for a reduction of sentence] exist under any of the following circumstances or a combination thereof:

(6) Unusually Long Sentence. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be

5

imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

In Rutherford v. United States, 146 S. Ct. 1320 (2026), the Supreme Court recently held that Paragraph (b)(6) was invalid "to the extent that" Paragraph (b)(6) "counsels that a non-retroactive statutory change – 'considered by itself or in combination with other factors – can[ ] make a prisoner eligible for compassionate release.'" United States v. Moore, No. 25-13539, 2026 WL 1682831, at *4, n.5 (11th Cir. June 10, 2026) (quoting Rutherford, at 1335) (bracketed text in original).[4]

However, Jackson does not argue that there has been a non-retroactive statutory change to 18 U.S.C. § 2113(a)&(e).  She argues that the decision in Booker is the applicable change in the law.  The Eleventh Circuit has not decided whether Rutherford extends to an argument based on a change in constitutional law. Moore, 2026 WL 1682831, at *4, n.5.[5]  But, assuming only for

---

[4] In Rutherford, 146 S. Ct. at 1335, the Supreme Court held that

> We need not nail down the precise boundaries of the phrase "extraordinary and compelling" to conclude that "with regard to the particular dispute in [this] case," the statute's language "has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)— considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid.

[5] In Moore, the defendant argued that the decision in Erlinger v. United States, 602 U.S. 821 (2024) was a change in constitutional law and relied upon Paragraph (b)(6) to argue he was entitled to compassionate release.  However, Moore had not served the requisite ten years of his sentence and the district court denied his motion. The Eleventh Circuit affirmed. Relevant here, it explained that "Moore's § 1B1.13(b)(6) argument is based on 'a change in constitutional law.' Because Moore did not meet § 1B1.13(b)(6)'s ten-year requirement, we need not decide whether *Rutherford* extends to his argument." Moore, 2026 WL 1682831, at *4, n.5.  However, at least

purpose of this Motion that the decision in Booker is a non-retroactive "change in the law" as anticipated by Paragraph (b)(6) and that Paragraph (b)(6) has not been held invalid in the context of a constitutional change in the law, the decision does not apply to Jackson. She received a statutorily mandated life sentence, not a Guidelines sentence (doc. 240, p. 1, Order denying Motion to Vacate). Her "plea was without the benefit of a plea agreement" and "according to statutory authority, no pre-sentence report was to be prepared before sentencing." (Id., p.1, 4).

The punishment in the statute of conviction has not changed. At the time of the offense and now, 18 U.S.C. § 2113(e), states that if bank robbery results in death, then the punishment is "death or life imprisonment." Because the United States decided not to seek the death penalty, life in prison became the statutory penalty (doc. 240, n. 1). See United States v. Ferrell, 2025 WL 1136131, at *2 (M.D. Ga. Feb. 12, 2025), report and recommendation adopted, 2025 WL 1136129 (M.D. Ga. Apr. 17, 2025) ("Among other requirements, the 'unusually long sentence' circumstance requires that there have been 'a change in the law' that 'would produce a gross disparity between the sentence being served and the sentence likely to be imposed' now. U.S.S.G. § 1B1.13(b)(6). However, the statutorily mandated penalties for a defendant convicted of first-degree murder—which Defendant [Ferrell] was—are still death or imprisonment for life, so the non-mandatory nature of the Guidelines is irrelevant."). Accordingly, Jackson has failed to establish an extraordinary and compelling reason for a reduction of sentence.

---

on district court has found that the "disparity occasioned by a comparison of pre-Booker and post-Booker sentencings is not only highly speculative but neither extraordinary nor compelling as those terms are defined and considered in Rutherford." United States v. Bryant, 2026 WL 1602923 (S.D. Ga. 2026) (finding that defendant had not "asserted an extraordinary and compelling reason to support compassionate release based on the FSA's sentencing changes to § 924(c) or the issuance of the Booker decision.").

B. "Victim of Abuse" under the Policy Statement

In the Addendum to her Motion, Jackson argues that the Sentencing Guidelines "now expressly recognize that being a victim of abuse may constitute an 'extraordinary and compelling reason" supporting compassionate release" (doc. 493, p. 1).  She argues that the physical and sexual abuse she endured in her childhood "falls squarely within the type of trauma contemplated by the amended Guidelines" (doc. 493, p. 1).

Jackson's argument is without merit.  Paragraph (b)(4) of the Policy Statement defines "Victim of Abuse" as a "defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: (A) sexual abuse . . .  or (B) physical abuse … that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4).  The abuse that Jackson describes occurred before she was incarcerated.  Accordingly, Jackson has failed to establish an extraordinary and compelling reason for a reduction of sentence.

C. "Other Reasons" under the Policy Statement

Jackson argues that "current law now recognizes trauma, youth, and sentencing disparities as extraordinary and compelling factors support relief" (doc. 493, p. 1).  She argues that the trauma she experienced as a child from the physical and sexual abuse, her age at the time of the offense - twenty-three years, and sentencing disparities – 1) all of her co-defendants received a lesser sentence and have been released and 2) the "evolving sentencing standards" for murder convictions which indicate that a life sentence is not likely to be imposed today, are circumstances which create extraordinary and compelling reasons for a reduction of sentence.

8

Jackson appears to rely upon Policy Statement Paragraph (b)(5), captioned "Other Reasons", wherein the Sentencing Commission states that reasons other than those presented in Paragraphs (1)-(4) may exist if the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The reasons described in Paragraphs (1) through (4) include the defendant's medical circumstances, advanced age of the defendant – at least 65 years old - plus other conditions, family circumstances, and victim of abuse while incarcerated.

Jackson has not presented any evidence that her medical circumstances or family circumstances fall within the definitions in Paragraphs (b)(1) and (b)(3) of the Policy Statement. Paragraph (b)(2) does not apply because Jackson is forty-nine years old. Jackson has alleged that she was abused as a child, but that does not fall within the definition of "victim of abuse" in Paragraph (b)(4). Thus, the "circumstances or combination of circumstances" alleged – childhood physical and sexual abuse, youth at time of the offense, and sentencing disparities - may not be considered "together with any of the reasons described in paragraphs (b) (1) through (4)" because none of those reasons exist. U.S.S.G. § 1B1.13(b)(5).

Considering these "circumstances or combination of circumstances … by themselves" does not result in a reason that is "similar in gravity" to the reasons described in Paragraphs (b)(1) through (4). Age at the time of the offense bears no similarity to the circumstances described in Paragraphs (b)(1) through (b)(4). See United States v. Smith, 177 F.4th 1166, 1169 (11th Cir. 2026) ("Smith's youth at the time of the offense does not fall into any of the enumerated categories outlined in U.S.S.G. § 1B1.13(b), nor is it similar in gravity."). The need to avoid unwarranted sentencing disparities among codefendants is a factor the Court may

9

consider if the Court finds that the movant has established an extraordinary and compelling reason for a reduction of sentence or compassionate release. See 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). See Cooper v. United States, 2026 WL 1552007, at *9 (S.D. Fla. 2026). Also, sentencing disparities between the sentence previously imposed and the sentence likely to be imposed if the defendant was sentenced at the time the motion is filed, which result from a change in the law, could be relevant only if Paragraph (b)(6) was viable and applicable. As previously stated, Jackson received a statutory mandatory sentence, not a Guidelines sentence, and the statute of conviction has not changed. While Jackson's childhood abuse may have involved sexual and physical abuse similar to the abuse defined in Paragraph (b)(4)(A) and (B), the similarity ends there. Accordingly, Jackson has failed to establish an extraordinary and compelling reason for a reduction of sentence.

IV. Conclusion

Since Jackson fails to show extraordinary and compelling reasons which would warrant a reduction of sentence, her Motion is denied.

**DONE** and **ORDERED** this the 13th day of July 2026.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

10